UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES BALLONE,

    Applicant,

v.                                                      CASE NO. 8:20-cv-2537-SDM-UAM

SECRETARY, Department of Corrections,

    Respondent.
_____/

## ORDER

Ballone applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his convictions for a count of capital sexual battery involving a victim less than twelve, two counts of lewd molestation, a count of showing obscene material to a minor, and 263 counts of possession of child pornography, for which Ballone serves two consecutive sentences of life imprisonment, concurrent terms of ten years' imprisonment, a consecutive term of fifteen years' imprisonment, and a consecutive term of five years' imprisonment. The convictions and sentences accord with Ballone's "open plea," that is, his plea of "no contest" with no plea agreement from the state.

The respondent argues (Doc. 12) that the application is time-barred. In opposition (Doc. 16) Ballone asserts entitlement to equitable tolling of the limitation. Under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period

shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Ballone was sentenced on December 30, 2016, and his conviction became final on January 30, 2017, upon the expiration of the thirty days allowed for appeal.* *Armstrong v. State*, 148 So. 3d 127, 128 (2nd DCA 2014) ("When no appeal is filed, finality occurs thirty days after rendition of the judgment and sentence, which is the date on which the time for filing the notice of appeal expires."). Absent tolling for a timely post-conviction application in state court, the federal limitation barred his claim one year later on January 30, 2018. Ballone let 290 days elapse before he moved under state Rule 3.850 for post-conviction relief on November 16, 2017. Tolling continued until the mandate issued on July 24, 2020. Ballone had 75 days remaining (365 − 290 = 75). Because Ballone filed no other post-conviction proceeding to toll the limitation, Ballone's federal one-year deadline was October 7, 2020 (July 24, 2020 + 75 days = October 7, 2020). Ballone dated his federal application October 26, 2020, nineteen days late.

---

* Because the thirtieth day was Sunday, January 29, 2017, under Rule 6(a)(1)(C), Federal Rules of Civil procedure, the deadline is extended to "the next day that is not a Saturday, Sunday, or legal holiday."

In reply (Doc. 16) Ballone recognizes that his application is more than one year after his conviction became final. Ballone asserts entitlement to equitable tolling. The one-year limitation established in Section 2244(d) is not jurisdictional and, as a consequence, "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). *See Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002). Ballone must meet both requirements, and he controls the first requirement — due diligence — but not the second requirement — extraordinary circumstances. The failure to meet either requirement precludes equitable tolling. For the first requirement, "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence,'" *Holland*, 560 U.S. at 653 (internal quotations and citations omitted), and an applicant's "lack of diligence precludes equity's operation." *Pace*, 544 U.S. at 419. To satisfy the second requirement, Ballone must show extraordinary circumstances both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See cases collected in Harper v. Ercole*, 648 F.3d 132, 137 (2nd Cir. 2011) ("To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline."). "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" *Cadet*

*v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)).

Ballone represents (1) that the 290-day delay in filing his motion for post-conviction relief was caused by his institutional transfers and his difficulty finding an inmate law clerk to assist him and (2) that the more than 75-day delay in filing his Section 2254 application was caused both by his becoming sick from the COVID virus and by an institutional lock-down because of the pandemic. Ballone represents that he received a "2254 package of legal materials" after requesting the material when the law library re-opened at the beginning of October, 2020 — as determined above, the federal one-year deadline was October 7, 2020.

An "extraordinary circumstance" justifying equitable tolling is shown by neither an allegedly deficient prison law library, *Helton v. Sec'y, Dep't of Corr.*, 259 F.3d 1310, 1313 14 (11th Cir. 2001), nor limited or restricted access to a prison law library. *Miller v. Florida*, 307 F. App'x 366, 367 68 (11th Cir. 2009) ("[E]ven restricted access to a law library, lock-downs, and solitary confinement do not qualify as [extra]ordinary circumstances warranting equitable tolling."). A transfer to another institution which causes a temporary denial of access to legal papers is not an "extraordinary circumstance." *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) ("Periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate.") (citing *Akins v. United States*, 204 F.3d 1086, 1089–90 (11th Cir. 2000)).

Ballone admittedly knew that his deadline to file his federal application was limited yet, contrary to exercising due diligence, he waited until after the mandate issued on his post-conviction appeal before he requested the material necessary to file his federal application. Ballone fails to explain his not requesting the necessary materials to begin working on his application before the mandate issued on his post-conviction appeal. Under the controlling law discussed above, Ballone fails to meet the "due diligence" requirement for entitlement to equitable tolling.

Ballone's application (Doc. 1) is **DISMISSED AS TIME-BARRED**. The clerk must enter a judgment against Ballone and **CLOSE** this case.

## DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Ballone is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Ballone must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly time-barred, Ballone is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Ballone must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on November 30, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE